UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FREDERICK J. HARRIS, Jr.,

        Plaintiff,                      Case No. 1:15-cv-629

v.                                        Honorable Robert J. Jonker

COUNTY OF DELTA et al.,

        Defendants.
_____/

## OPINION

This is a petition for writ of mandamus brought by a state prisoner under 28 U.S.C. § 1361. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* petition indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

**Factual Allegations**

Plaintiff currently is incarcerated in the G. Robert Cotton Correctional Facility. He was convicted in the Allegan County Circuit Court of two counts of assault with intent to inflict great body harm less than murder and one count of possession of a firearm during the commission of a felony. On May 27, 2011, the trial court sentenced Plaintiff as an habitual offender to concurrent prison terms of 7 to 12 years for the assault convictions and 2 years for the felony-firearm conviction. In his *pro se* petition for writ of mandamus, Petitioner names the following Defendants: County of Delta, County of Allegan, Michigan Attorney General Bill Schuette, Robert E. Goebel, Jr., and the Honorable Kevin Cronin.

Plaintiff's allegations are very difficult to follow, but he challenges his conviction and sentence in the Allegan County Circuit Court. Among other things, Plaintiff appears to assert that a "ghost charge" from 1986 that was improperly considered by state trial court in fashioning the sentence for Petitioner's 2011 convictions. The relief Plaintiff seeks is "to be released from this corruption and all this ILLEGAL IMPRISONMENT." (Pet., docket #1, Page ID#3) (emphasis in original.)

**Discussion**

Petitioner challenges his incarceration by the State of Michigan. Title 28 U.S.C. § 1361 confers jurisdiction only over mandamus actions to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Therefore, this Court may not maintain jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 1361. Petitioner's

challenge to the fact or duration of his confinement pursuant to the judgment of a state court only can be brought as a petition for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).[1]

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Because Plaintiff's request for a writ of mandamus lacks an arguable basis in law, it will be dismissed with prejudice as frivolous. *See Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002) (dismissing as meritless prisoner's request for mandamus relief in civil rights case); *Topsidis v. State*, No. 97-3283, 1997 WL 778106, at *1 (6th Cir. Dec. 11, 1997) (affirming dismissal of mandamus action challenging state conviction); *Sparks v. Doe*, No. 85-3463, 1985 WL 14132, at *1 (6th Cir. Dec. 13, 1985) (affirming district court's dismissal of state prisoner's mandamus action as frivolous); *Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970) (affirming dismissal of mandamus action because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); *Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir. 1997) (same).

---

[1]Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     July 8, 2015                     /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE